Cardillo & Corbett
Attorneys for Plaintiff
TBS OCEAN CARRIERS, LTD.
29 Broadway
New York, New York 10006
Tel: (212) 344-0464
Fax: (212) 797-1212
Tulio R. Prieto (TP-8455)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

08 CV 1288

JUDGE STEIN

------------------------------------x
TBS OCEAN CARRIERS, LTD.,           :
                                    :
                    Plaintiff,      :    **ECF**
                                    :    **VERIFIED COMPLAINT**
         -against-                  :
                                    :
EFE SHIPPING & INDUSTRY CO. LTD.,   :
a/k/a EFE DENIZCILIK SANAYI VE      :
TICARET LIMITED SIRKETI, a/k/a      :
EFE CHARTERING, a/k/a EFE, and      :
ODYSES BULK CARRIER LTD.,           :
                                    :
                    Defendants.     :
------------------------------------x



Plaintiff, TBS OCEAN CARRIERS, LTD., ("Plaintiff"), by and through its attorneys, Cardillo & Corbett, as and for its Verified Complaint against the Defendants, EFE SHIPPING & INDUSTRY CO. LTD., ("EFE") a/k/a EFE DENIZCILIK SANAYI VE TICARET LIMITED SIRKETI, a/k/a EFE CHARTERING, a/k/a EFE, and ODYSES BULK CARRIER LTD. ("Odyses") alleges, upon information and belief as follows:

<u>JURISDICTION</u>

1.     This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 United States Code § 1333.

## THE PARTIES

2. At all material times to this action Plaintiff was, and still is, a foreign business entity duly organized and existing under the laws of the Marshall Islands a foreign country with a registered address at Trust Company Complex, Ajeltake Road, Ajeltake Island, Majuro, Marshall Islands MH96960.

3. At all times material to this action, EFE was, and still is, a foreign business entity organized and existing under the laws of a foreign country with an address at BAKDAT CADDESI. 113/11 KONAK APT. 113/11 81040 FENERYOLU / KADIKÖY / ISTANBUL. Upon information and belief, EFE is also known as EFE DENIZCILIK SANAYI VE TICARET LIMITED SIRKETI, EFE CHARTERING, and EFE.

4. At all times material to this action, Odyses was, and still is, a foreign business entity organized and existing under the laws of a foreign country with an address at Henville Building, Prince Charles Street, Charlestown, Nevis.

## EFE'S BREACH OF CONTRACT

5. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-4 of this Complaint as if set forth at length herein.

6. By a time charter party dated July 14, 2007,

Plaintiff, as disponent owner, let and EFE, as Charterer, chartered the M/V IROQUOIS MAIDEN (the "Vessel") to EFE, for a trip time charter, with a minimum period of 50 days to a maximum of 80 days (the "Charter Party").

7. Plaintiff delivered the Vessel to EFE pursuant to the terms of the Charter Party on July 19, 2007.

8. The Vessel performed under the Charter Party, and EFE redelivered the Vessel to Plaintiff on October 9, 2007.

9. The Vessel earned hire during the Charter Party in the total amount of $2,671,837.42. EFE, however, through Odyses, paid only the sum of $2,604,604.78, wrongfully withholding the sum of $67,232.64 from the hire due.

10. Plaintiff has repeatedly demanded the withheld amount from EFE, but EFE has failed and refused to pay the outstanding balance of hire due in the amount of $67,232.64.

LONDON ARBITRATION

11. The Charter Party provides that any disputes arising under the Charter Party shall be referred to arbitration in London. English law is applicable to the Charter Party.

12. Plaintiff reserves the right to demand arbitration from EFE pursuant to the terms of the Charter

Party.

13. Interest, costs and attorneys' fees are routinely awarded to the prevailing party by arbitrators in London pursuant to English law. As best as can now be estimated, the following amounts can be expected to be recovered in the action.

| | | |
|---|---|---:|
| A. | On the principal claims: | $67,232.64 |
| B. | Interest for 2 years at 8.5% Compounded quarterly: | $12,316.00 |
| C. | Arbitration fees and attorneys' fees: | 40,000.00 |
| | TOTAL: | $119,548.64 |

### AS AND FOR PLAINTIFF'S FIRST CAUSE OF ACTION AGAINST ODYSES

14. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-13 of this Complaint as if set forth at length herein.

15. None of the payments of hire due from EFE to Plaintiff during the term of the Charter Party were made by EFE. Instead all of the payments were made by Odyses.

16. At all material times there existed such unity of ownership and interest among EFE and Odyses that no separation exists between them, and EFE is the alter ego of Odyses in that: (a) EFE makes charter hire payments through the instrumentality, front and conduit of Odyses; and (b) EFE

4

and Odyses do not deal with each other at arms length, in that EFE performs transportation services for Odyses without consideration.

17. By reason of the foregoing conduct of EFE and Odyses, Plaintiff has sustained damages as described above.

### AS AND FOR PLAINTIFF'S SECOND CAUSE OF ACTION AGAINST ODYSES

18. Plaintiff repeats and realleges each and every allegation in paragraphs 1-17 of this Complaint as if set forth at length hereinafter.

19. The role of EFE is to obtain transportation from third parties-in this case the Plaintiff-to service the business of Odyses.

20. Although not disclosed to Plaintiff, EFE did not act as a principal in securing the Charter Party, and thereby obtaining the needed transportation service for the business of Odyses in that regard.

21. EFE did not make the usual arms length sub-charter party contract with Odyses, nor receive the usual sub-freight payments from Odyses for providing the transportation services of the Vessel to Odyses, thereby confirming its role as the mere agent for Odyses.

22. Although EFE appears on the Charter Party as the charterer, i.e., as a principal, it acted as the agent of its undisclosed principal, Odyses.

23. By reason of its role as undisclosed principal under the Charter Party, Odyses is fully liable to Plaintiff for the damages claimed herein.

## DEFENDANTS NOT FOUND WITHIN THE DISTRICT

24. Defendants cannot be found within this District within the meaning of Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendants have, or will have during the pendency of this action, property within this District and subject to the jurisdiction of this Court, held in the hands of garnishees including, but not limited to, ABN Amro Bank NV, American Express Bank, Bank of America, Bank of China, Bank of Communications New York Branch, Bank of New York, Barclays Bank, BNP Paribas, Citibank, Deutsche Bank, J.P Morgan Chase, Standard Chartered Bank, UBS AG, and/or Wachovia Bank, which are believed to be due and owing to Defendants.

25. Plaintiff seeks an order from this court directing the Clerk of the Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims and also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching, *inter alia*, any property of Defendants held by the aforesaid garnishees for the purpose of obtaining personal jurisdiction over Defendants and to

secure Plaintiff's claims as described above.

**WHEREFORE**, Plaintiff prays:

A.  That process in due form of law issue against Defendants citing them to appear and answer under oath all and singular the matters alleged in the Complaint.

B.  That since Defendants cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of the Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims and also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching all tangible or intangible property in whatever form or any other funds held by any garnishee, including, but not limited to, ABN Amro Bank NV, American Express Bank, Bank of America, Bank of China, Bank of Communications New York Branch, Bank of New York, Barclays Bank, BNP Paribas, Citibank, Deutsche Bank, J.P Morgan Chase, Standard Chartered Bank, UBS AG, and/or Wachovia Bank, which are due and owing to Defendants, in the amount of $119,548.64 to secure Plaintiff's claims and that all persons claiming any interest in the same be cited to appear and pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims answer the matters alleged in the Complaint.

C.  That this Court retain jurisdiction over this

matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeal thereof; and

      D.   That the Plaintiff has such other, further and different relief as the Court may deem just and proper.

Dated:    New York, New York
            February 8, 2008

                    CARDILLO & CORBETT
                    Attorneys for Plaintiff
                    TBS OCEAN CARRIERS, LTD.,

       By:   _____
               Tulio R. Prieto (TP 8455)

                    Office and P.O. Address
                    29 Broadway, Suite 1710
                    New York, New York 10006
                    Tel: (212) 344-0464
                    Fax: (212) 797-1212

**ATTORNEY'S VERIFICATION**

State of New York )
                     ) ss.:
County of New York)

    1.    My name is Tulio R. Prieto.

    2.    I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

    3.    I am a partner in the firm of Cardillo & Corbett, attorneys for the Plaintiff.

    4.    I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

    5.    The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

    6.    The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiff and agents and/or representatives of the Plaintiff.

    7.    I am authorized to make this Verification on

behalf of the Plaintiff.

_____
Tulio R. Prieto

Sworn to before me this
8th day of February, 2008

_____
NOTARY PUBLIC

CHRISTOPHIL B. COSTAS
Notary Public, State of New York
No. 31-0773693
Qualified in New York County
Commission Expires April 30, 2011