STEIN, J

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
TBS OCEAN CARRIERS, LTD.,                :

                          Plaintiff,    :    **ECF**
                                         :    **ORDER FOR PROCESS**
                                         :    **OF MARITIME ATTACHMENT**
           -against-                     :    08 Civ. 1288 (SHS)
                                         :
EFE SHIPPING & INDUSTRY CO. LTD.,        :
a/k/a EFE DENIZCILIK SANAYI VE           :    ┌─────────────────────────┐
TICARET LIMITED SIRKETI, a/k/a           :    │ **USDC SDNY**           │
EFE CHARTERING, a/k/a EFE, and           :    │ **DOCUMENT**            │
ODYSES BULK CARRIER LTD.,                :    │ **ELECTRONICALLY FILED**│
                                         :    │ **DOC #:** _____    │
                          Defendants.    :    │ **DATE FILED:** 2/8/08  │
------------------------------------x         └─────────────────────────┘

      **WHEREAS,** on February 8, 2008, Plaintiff, TBS OCEAN

CARRIERS, LTD., filed a Verified Complaint herein for damages

amounting to $119,548.64 inclusive of interest and praying for

the issuance of Process of Maritime Attachment and Garnishment

pursuant to Rule B of the Supplemental Rules for Certain

Admiralty and Maritime Claims of the Federal Rules and Civil

Procedure; and

      **WHEREAS,** the Process of Maritime Attachment and

Garnishment would command that the United States Marshal or

other designated process server attach any and all of the

Defendants' property within the District of this Court; and

      **WHEREAS,** the Court has reviewed the Verified

Complaint and the Supporting Affidavit, and the conditions of

Supplemental Rule B appearing to exist, it is hereby

      **ORDERED,** that Process of Maritime Attachment and

Garnishment shall issue against all tangible or intangible property belonging to, claimed by or being held for the Defendants by any garnishees within this District, including but not limited to, ABN Amro Bank NV, American Express Bank, Bank of America, Bank of China, Bank of Communications Co. Ltd. New York Branch, Bank of New York, Barclays Bank, BNP Paribas, Citibank, Deutsche Bank, HSBC (USA) Bank, J.P. Morgan Chase, Standard Chartered Bank, UBS AG and/or Wachovia Bank, in an amount up to and including $119,548.64, pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure; and it is further

**ORDERED** that any person claiming an interest in the property attached or garnished pursuant to said order shall, upon application to the Court, be entitled to a prompt hearing at which the Plaintiff shall be required to show cause why the attachment and garnishment should not be vacated or other relief granted; and it is further

**ORDERED** that supplemental process enforcing the Court's Order may be issued by the Clerk upon application without further Order of the Court; and it is further

**ORDERED** that following initial service by the United States Marshal or other designated process server upon each garnishee, that supplemental service of the Process of Maritime

2

Attachment and Garnishment, as well as this Order, may be made by way of facsimile transmission to each garnishee provided the garnishee agrees to accept service in this manner; and it is further

**ORDERED** that service on any garnishee as described above is deemed effective continuous service throughout the day from the time of such service through the opening of the garnishee's business the next business day provided the garnishee agrees to same; and it is further

**ORDERED** that pursuant to Federal Rule of Civil Procedure 5(b)(2)(D) each garnishee may consent, in writing, to accept service by any other means; and it is further

**ORDERED** that a copy of this Order be attached to and served with said Process of Maritime Attachment and Garnishment.

Dated: New York, New York
       February _8_ , 2008

                    SO ORDERED:

                    _____
                    U.S.D.J.

3